**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TYRENE SCOTT,

    Plaintiff,

v.                                                                               Case No. 3:13-cv-826-J-32MCR

CARRIER CORPORATION,

    Defendant.

## O R D E R

This case is before the Court on the parties' cross-motions for summary judgment (Docs. 17, 18) and the assigned United States Magistrate Judge's December 12, 2014 Report and Recommendation (Doc. 29) that Plaintiff Tyrene Scott's motion be denied and Defendant Carrier Corporation's motion be granted. Scott filed written objections on December 29, 2014. (Doc. 30.) Carrier filed a response on January 13, 2015. (Doc. 31.) The undersigned held a hearing on March 11, 2015, the record of which is incorporated herein. (See Doc. 33.) During the hearing, the parties agreed to jointly supplement the record and asked for time to discuss settlement. The parties subsequently filed a joint supplement and asked that the Court hold the cross-motions in abeyance during settlement discussions. (Doc. 37.) The Court agreed and gave the parties until April 27, 2015 to report on the status of settlement. (Doc. 38.) The parties now report that they are unable to resolve the matter between themselves and ask for the Court to rule. (Doc. 39.) The matter is therefore before the undersigned for de novo review. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); see M.D. Fla. R. 6.02.

Upon de novo review, the undersigned accepts and adopts the Report and Recommendation's statement of the standard of review and the applicable law, and with the addition of the joint supplement (Doc. 37), also accepts and adopts the recitation of the procedural and factual history in the Report and Recommendation.

The Court rejects Scott's objections to the Report and Recommendation's construction of Section 2 of the Enrollment Agreement and his objection that the Magistrate Judge should have considered and drawn adverse inferences from Carrier's alleged unwillingness to engage in discovery.

Upon review of the joint supplement, the Court also rejects Scott's objection to the Magistrate Judge's finding with respect to the "Participant's Program Statement As of December 31, 2010." The correspondence included in the joint supplement confirms that Carrier did not provide the statement to Scott in the ordinary course of his participation in the Carrier Income Extension Program, but during informal discovery and negotiations between counsel in 2011. (See Doc. 37-1 at 7-9, 16.) Carrier produced the statement under a cover letter that maintained that Scott was ineligible for the same reasons asserted in this case. (Id.) The Court is therefore unable to agree with Scott that the December 31, 2010 statement is an indication that Carrier considered Scott in good standing in the Program as of that date.

Finally, the undersigned rejects Scott's objection to the Report and Recommendation's construction of Section 5 of the Enrollment Agreement, but expands below upon the reasoning of the Report and Recommendation.

The language of the Enrollment Agreement is not a model of clarity.[1] (Doc. 19-1 at 16-19.) But as well set forth by the Magistrate Judge in Section III.B of the Report and Recommendation, the Enrollment Agreement does unambiguously contemplate that a Participant in the Program may become vested in his credited benefits prior to the commencement of deferred income payments. (Doc. 19-1 at 18; see Doc. 29 at 15-16.) Indeed, a period of ineligibility could not render a Participant's benefits "subject to _di_vestment," if the Participant had not already vested in the benefits. (Doc. 19-1 at 18 (emphasis added)); see Black's Law Dictionary 580 (10th ed. 2009) (defining "divestment" as "[t]he cutting short of an interest in property before its normal termination" or "[t]he complete or partial loss of an interest in an asset, such as land or stock"). By the plain language of the Enrollment Agreement, Scott therefore became vested in his credited benefits "at the time [Scott Air Technology, Inc.] purchased the Minimum Purchase Level for a total of five years" (Doc. 19-1 at 18), despite Scott Air's subsequent ineligibility due to its closure.

But regardless of the vested state of Scott's benefits upon Scott Air's closure—whether closure automatically divested Scott of his benefits, gave Carrier only the option to divest him of his benefits, or precluded the benefits from vesting at all—he is still not entitled to payments under the Program because his benefits unambiguously became, and still remain, "subject to forfeiture" pursuant to Section 5

---

[1] Beyond its actual language, the print on the Enrollment Agreement signed by Scott and Carrier is nearly illegible. (See, e.g., Docs. 1-1, 17-4 at 1-3.) The parties stipulated to submit a slightly more legible copy of another agreement with the same language so the Court could actually read it. (See Docs. 17-4 at 4-6, 19-1 at 16-19.)

3

of the Enrollment Agreement. The third sentence of Section 5 explains that only "[b]enefits that are credited and which are vested <u>and not subject to forfeiture</u> shall become deferred income to the Participant." (<u>Id.</u> (emphasis added).) For the reasons discussed above and in the Report and Recommendation, Scott's benefits were credited and vested, satisfying the first two criteria for conversion into deferred income, but are subject to forfeiture due to Scott Air's closure before benefits became payable, failing the third criterion. Therefore, under the inartfully-drafted-but-unambiguous language of the Enrollment Agreement, Scott is not entitled to deferred income payments from the Program. Thus, Scott's objections are due to be rejected, his motion for summary judgment denied, Carrier's motion for summary judgment granted, and judgment entered for Carrier. Accordingly, it is hereby

**ORDERED:**

1. Tyrene Scott's Objections to Report and Recommendation (Doc. 30) are **OVERRULED**, and the Report and Recommendation (Doc. 29) of the Magistrate Judge is **ADOPTED** as opinion of the Court as modified above.

2. Defendant's Motion for Summary Judgment (Doc. 17) is **GRANTED**.

3. Plaintiff's Motion for Summary Judgment (Doc. 18) is **DENIED**.

4. The Clerk is directed to enter judgment against Plaintiff Tyrene Scott and in favor of Defendant Carrier Corporation, and to close the case.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of June, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

4

bjb
Copies to:

Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record